NOT FOR PUBLICATION
File Name: 16a0427n.06

FILED

Jul 28, 2016

DEBORAH S. HUNT, Clerk

Case No. 15-5354

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| APPALACHIAN REGIONAL HEALTHCARE, INC., | ) ) ) | |
| Plaintiff–Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| U.S. NURSING CORPORATION, | ) ) | |
| Defendant–Appellee. | ) ) | O R D E R |

Before: BOGGS, SILER, and BATCHELDER, Circuit Judges.

**PER CURIAM.** This case arose out of a Kentucky state-court suit brought by Ralph Edward Proffitt against Constance Foote, Appalachian Regional Healthcare, Inc. ("ARH"), and United States Nursing Corp. ("USN"). *Proffitt v. Corley Mfg. Co.*, Civil Action No. 08-CI-360 (Ky. Letcher Cir. Ct.). Proffitt claimed that Foote, a nurse, caused or exacerbated injuries he experienced following a work accident, and he sought to hold ARH and USN vicariously liable for her conduct. At the relevant time, Foote was working at ARH's medical facility in Whitesburg, Kentucky. Pursuant to a "Job Action Staffing Agreement" ("Agreement"), USN had arranged for Foote and other individuals to work at the facility to satisfy a personnel shortage caused by an ongoing labor dispute. USN agreed to "indemnify, defend, save, and hold harmless [ARH] . . . from any and all liability or damage that ar[ose] from . . . the negligent or intentional

act or omission of [USN], its employees or agents, including staff members assigned by [USN] to [ARH] pursuant to th[e] . . . Agreement." In 2012, USN moved for summary judgment, arguing that it "loaned or hired" out Nurse Foote to ARH and was therefore not vicariously liable for any injuries caused or exacerbated by her under Kentucky's "borrowed-servant doctrine."

ARH then filed the present suit in federal court, claiming that USN breached the Agreement by asserting the borrowed-servant defense in the *Proffitt* litigation; seeking injunctive relief to prevent USN from its alleged ongoing breach of the Agreement; and requesting a declaration (1) that USN was in breach, (2) determining the scope and meaning of USN's indemnification duties under the Agreement, and (3) determining whether USN's insurance policy met the requirements set forth in the Agreement. The state court then denied USN's pending motion for summary judgment, and USN filed a motion to dismiss in federal court, arguing that the district court lacked subject-matter jurisdiction and that ARH had failed to state a claim.

The district court ultimately found that ARH lacked standing to bring suit because it only complained of "hypothetical" or "speculative" injuries rather than the "concrete" injury necessary to satisfy Article III's case or controversy requirement. Additionally, the court declined to exercise jurisdiction over ARH's claim for declaratory relief, reasoning that considering the claim would mean "toss[ing] federalism and comity to the wind and interven[ing] directly in ongoing state court litigation by telling the parties which arguments they may or may not raise." ARH has appealed, seeking reversal of the district court's dismissal of its claims for breach of contract and declaratory relief.[1]

After the case was briefed and argued on appeal, ARH filed a notice of supplemental authority under Rule 28(j) of the Federal Rules of Appellate Procedure, informing the court that

---

[1] ARH has not challenged the district court's determination that its claim for injunctive relief is moot.

ARH and USN have been dismissed from the *Proffitt* litigation pursuant to settlement agreements. ARH claims that "[i]ndemnification and cost-of-defense issues are now squarely at issue under the [Agreement]" and that federalism concerns have been obviated. It continues to seek reversal and remand for further proceedings "because the case was justiciable when filed." In response, USN notes that ARH has now "demanded that USN reimburse it for (i) a settlement payment that ARH . . . made to the state court plaintiffs to settle ARH's liability and (ii) its cost of defending those claims." Although USN "strongly disputes the merits of [the] demand," it now agrees that a justiciable controversy exists and "does not oppose remand for further proceedings."

Though standing must exist "at the time the complaint is filed," *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)), subsequent events may, on occasion, demonstrate the validity of a party's belief at filing that a concrete injury was likely to occur in the imminent future, *see Hargrave v. Vermont*, 340 F.3d 27, 34 (2d Cir. 2003). Given the recent developments in this case, we **REMAND** the case to the district court**.**